## McELWRATH & ROGERS v. ALEXANDER.
### (No. 10105.)*

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 10, 1923. Rehearing Denied
April 14, 1923.)

**1. Appeal and error ⬅931(6)—Trial court presumed to have disregarded improper evidence.**

Where a case is tried before the court, it must be presumed that any improper evidence was discarded by the judge, and not considered by him in rendering judgment, especially where such fact is shown by the judge's qualification to bill of exception.

**2. Bailment ⬅23—Bailees liable for depreciation of tractor left in open without notifying owners of its return.**

Where defendants, who had possession of tractor under agreement for trial at $25 a day rental, rental paid to apply on price if they bought it, left it out in the open without notifying the owner or his agent of their return of it, they were liable for injuries resulting from its exposure, if, in the exercise of ordinary care, they should have anticipated injury from such leaving, even if when left it was in as good condition as when received.

**3. Evidence ⬅474(19)—Plaintiff held qualified to testify as to depreciation of tractor left by defendant in the open.**

In action against bailees of tractor for injuries thereto from bailees' failure to notify plaintiff of its return when they left it in the open, testimony of plaintiff *held* sufficient to qualify him to express an opinion as to its value when retaken by him.

### On Appellant's Motion for Rehearing.

**4. Bailment ⬅30 — Petition held to allege bailees' negligence.**

In an action against bailees of tractor for injuries thereto from bailees' failure to notify plaintiff of its return when they left it in the open, petition *held* to sufficiently allege defendant's negligence.

**5. Sales ⬅4(4)—Sale or return arrangement held a bailment.**

Where from the contract it appears that the party who receives possession of the goods receives them under an agreement that he is to retain them for a definite period, and that if, at or before the expiration of that period, he pays for them, he is to become the owner, otherwise to pay for their use, the transaction is but a bailment.

**6. Bailment ⬅1—Agreement to return is essential feature.**

An essential feature of a bailment is the agreement to return the subject-matter of the bailment, either on demand or at the agreed time, or, if not returned, to account for the property to him from whom the bailee has received it.

**7. Appeal and error ⬅917(2) — Demurrer deemed waived where record is silent.**

Where the record is silent as to any action asked or taken upon a demurrer, it is deemed to have been waived.

Appeal from District Court, Hood County; J. B. Keith, Judge.

Suit by Wood R. Alexander against McElwrath & Rogers and another. From judgment for plaintiff, the named defendants appeal. Affirmed.

Estes, Estes & Roark, of Granbury, and Chandler & Pannill, of Stephenville, for appellants.

R. L. Thompson, of Stephenville, for appellee.

BUCK, J. This suit was filed by appellee here against W. A. Sims and F. P. McElwrath and F. P. Rogers, alleged to compose the firm of McElwrath & Rogers. Plaintiff in one count of his petition alleged that on the 20th of May, 1920, through his agent, J. M. Winfrey, he sold to defendants a tractor for $3,375, which each of defendants agreed to pay plaintiff, or his agent, Winfrey; that the defendants paid only $350, and the plaintiff prayed for a judgment for the balance due. In a second count plaintiff alleged that, if the plaintiff was mistaken in the allegation that plaintiff had sold the tractor in question and defendants had brought it, then plaintiff alleged that defendants took said tractor and used it in building a certain highway through Hood and Erath counties, and appropriated same to their own use and benefit, and that defendants were liable for the reasonable rental thereof, to wit, $25 a day for 104 days, being a total of $2,600, that defendants had damaged said tractor in the use thereof and by exposure to the weather and rain, and had left said tractor in the street at Stephenville on or about October 10, 1920, and had failed to notify plaintiff or his agent of said fact, and that said tractor had become rusty and unfit for any kind of use. He alleged his damage by reason of these alleged facts at $2,175, making a total recovery asked of $4,775.

Defendants answered by way of a general demurrer and a general denial. Sims specially pleaded that he had no interest whatever in the subject-matter involved, and was not responsible in any way on account of the alleged contract between plaintiff and defendants McElwrath & Rogers, and prayed to be dismissed with his costs. McElwrath and Rogers pleaded that they rented said tractor from plaintiff's agent for $25 a day, 10 hours being agreed upon as a day, and that they had paid plaintiff for the total use thereof, to wit, $750, by two checks, one for $475, paid to Winfrey, and cashed, and one

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 30, 1923.

for $275, which had not been cashed yet by plaintiff. They denied any negligence in the use of the tractor, and alleged that the tractor was returned to Stephenville in accordance with the terms and conditions upon which it had been received. They further alleged that when the tractor was returned it was in as good condition or better than when they received it. They tendered into court the $275 represented by the check which had not been cashed.

The cause was tried before the court without a jury and judgment entered for plaintiff for $1,525, upon which a credit of the $275 already tendered was allowed. Sims was dismissed, except a judgment against all parties defendant was awarded divesting them of any claim to title or interest in the tractor. McElwrath & Rogers have appealed.

Appellants' brief contains 13 assignments of error. Under these assignments they have 22 propositions complaining of alleged errors. But neither in the assignments nor the propositions thereunder is there any reference to the statement of facts, and only in certain of the assignments is there any reference to the transcript, and these references are only to the page of the transcript where appellants in their motion for new trial complain of alleged error. Statements are given only with reference to certain assignments, and they are given in a different part of the brief from the assignments or the propositions. But we will try to discuss the assignments presented which contain statements thereunder.

[1] The fourth assignment complains of the action of the court in admitting over objection the testimony of plaintiff to the effect that he paid $4,500 for the tractor at Peoria, Ill., in the early part of 1920. The trial court approved the bill of exception sustaining the assignment complaining of this alleged error with the qualification that the evidence was not considered in rendering the judgment. It must be presumed that, where a case is tried before the court, any improper evidence was discarded by the judge, and not considered by him in rendering the judgment, and especially where such fact is shown by the judge's qualification to the bill. Creager v. Douglass, 77 Tex. 484, 14 S. W. 150; Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740. The fourth assignment is overruled. The same ruling, for the same reason, is made as to the fifth, sixth, and twelfth assignments, complaining of alleged errors in the admission of hearsay testimony.

[2] Under assignments 7, 8, 9, and 11, complaint is made of the admission of plaintiff's testimony as follows:

"In November, 1920, I went to Stephenville and found this tractor on the school ground in Stephenville on the road to Dublin. At the time it was out in the open on the bare schoolhouse grounds."

Winfrey testified that the contract he made with Moreau, acting for McElwrath & Rogers, was that he could take the tractor and try it, and, if at the expiration of 10 days it did not prove satisfactory, McElwrath & Rogers could return it in as good condition as when it was taken, and pay $25 a day for the use of it; and, if they bought the tractor, any rental paid would apply on the purchase price. Certainly, when they returned it four months later, ordinary care required that either the plaintiff or his agent, Winfrey, should be notified of the return. It is true the plaintiff lived in Dallas, and Winfrey was working for the defendants in another county, at the time of the return, but evidently defendants knew where both of them were. The defendants were responsible for any injury to the tractor after it was left at Stephenville, by the weather or by mischievous boys, which could have been reasonably anticipated. If the defendants, in the exercise of ordinary care, should have anticipated when they left the tractor out in the open, without notifying either plaintiff or his agent, that injury might result to the tractor, they would be responsible for any injuries occurring by reason of such exposure. Therefore, even if the tractor was at the time it was left at Stephenville in as good condition as when it was received by defendants, still defendants would be responsible for any depreciation resulting by reason of any conditions or acts which they ought to have foreseen. In 6 Corpus Juris, p. 1114, § 48, this is said:

"Where there is an unauthorized use, liability is said not to be dependent upon want of ordinary care on the part of the bailee, but absolute."

See Bagley v. Brack et al. (Tex. Civ. App.) 154 S. W. 247, 248, § 6; Cochran v. Walker (Tex. Civ. App.) 49 S. W. 403. In 6 Corpus Juris, p. 1115, § 51, it is said:

"If a bailee, having no authority to use the thing bailed, uses it, or, having authority to use it in a particular way, uses it in a different way or to a greater extent than authorized, or beyond the time embraced by the authority, such unauthorized use constitutes a conversion of the chattel, rendering the bailee liable even for a loss which due care could not have prevented, and even though he has honestly mistaken his rights. To constitute a conversion of the property, however, there must be such an intention of deviation from the contract as is tantamount to an assertion of right or dominion over the property, inconsistent with the bailor's rights of ownership, and it has been held that the use of one of many articles bailed does not render the bailee a tort-feasor as to other articles stolen from him. By the weight of authority such right or dominion is implied from the use of a hired article for a purpose other than that for which it was hired, although unauthorized use has been held not a conversion unless injury was caused thereby, or unless there was an intent to convert by such

use. Even in this case, however, the bailee may be liable in damages for breach of his contract."

[3] The thirteenth and fourteenth assignments are directed to the admission of the following testimony of plaintiff, over objection:

"At the time I saw the tractor on the schoolhouse yard, in the condition it was in at that time, it would not have sold for more than $750 at that time."

The objection to said testimony was that it was incompetent, and that plaintiff had not qualified to testify to value. The court qualified the bill with the statement that the witness had qualified to testify to value. Alexander testified that he knew the value of the tractor when he turned it over to Mr. Winfrey, in February or March before; that, when he found the car on the schoolhouse yard, the radiator was dented from rocks, the housing on the rear end of the boxing was broken, the carburetor was off, the tools were all gone, the chains of the track were very much rusted, the drive chain very materially worn, etc.; that he inquired of certain mechanics and repair men as to the probable cost of repairing the machine, and they told him it would cost $300 to fix the housing or boxing, and they did not know until they got the tractor to running what it would cost to fix it. Plaintiff further testified that the "sure tracks" for the machine would cost about $150, and a new radiator would cost around $100; that he had bought three tractors of this kind.

We are not prepared to say that the evidence does not show plaintiff to be qualified, especially since the testimony was before the court. Of course, the court understood that the statement that the tractor would not have sold at the time for $750 was merely the opinion of the witness.

All assignments are overruled, and the judgment is affirmed.

## On Appellants' Motion for Rehearing.

[4] In their motion for rehearing appellants stress the contention that nowhere in plaintiff's petition did he allege negligence on the part of defendants, and that the petition is bad on a general demurrer. In his second count plaintiff alleged:

"Plaintiff further sues said defendants and each of them for the sum of $2.175 for damages done said tractor during defendants' use thereof. That on or about the 10th day of October, 1920. defendants returned said tractor to Stephenville, Erath county, Tex., and left same in the street without any notice to plaintiff, and that said tractor remained out subject to the weather for a period of about one month before plaintiff was notified thereof, and that the same has become rusty and is unfit for any kind or character of use. That because of the allegations of this court [count] defendants and each of them are due the plaintiff the sum of $2,600

rents and the further sum of $2,175 for damages and depreciation in value," etc.

[5, 6] We conclude that the petition does allege the facts which constituted negligence on the part of the defendants in leaving the tractor out in the open at Stephenville without notifying either Alexander, the owner, or J. M. Winfrey, the owner's agent, from whom the defendants' agent secured it. As before stated, the plaintiff was not at Stephenville, but was in Dallas, when the tractor was taken, and Winfrey was working for the defendants in another county at the time of the return. Where from the contract it appears that the party who receives possession of goods receives them under an agreement that he is to retain them for a definite period, and that if, at or before the expiration of that period, he pays for them, he is to become the owner, otherwise to pay for their use, the transaction is but a bailment. 3 R. C. L. § 7, p. 77. An essential feature of a bailment is the agreement to return the subject-matter of the bailment, either on demand or at the agreed time, or, if not returned, to account for the property to him from whom the bailee has received it. 3 R. C. L. § 37, p. 114.

[7] We are of the opinion that the petition is not fundamentally insufficient to allege a failure of the bailees to return the tractor to the owner or to Winfrey, from whom they received it. Winfrey testified that in his conversation with Billy Moreau, who came for defendants to get the tractor, that it was agreed that the defendants could take the tractor and use it 10 days, and, if it proved unsatisfactory at the end of that time, the defendants would return it to Winfrey and pay him $25 a day for the use of it. We think that the defendants were charged with knowledge that Winfrey was not in Stephenville at the time the tractor was returned, and also that the evidence shows that at least Moreau and Sims, the latter defendants' foreman, knew that the plaintiff was not living in Stephenville at the time the tractor was taken. Hence there was a contractual obligation that must be imputed to the defendants, not only to return the tractor to Stephenville, but to notify either the plaintiff or his agent Winfrey of that fact, either before the return or promptly thereafter. We further think that the pleadings are sufficient, especially in the absence of any ruling upon the special demurrer being requested of the trial court and in the absence of any assignment in this court directed to the overruling of the general demurrer. No rule is better established by repeated decisions of this state than that, where the record is silent as to any action asked or taken upon a demurrer, it will be deemed to have been waived. Bonner v. Glenn, 79 Tex. 531, 15 S. W. 572; Hickman v. Withers, 83 Tex. 575, 19 S. W.

138. Hence appellants are in no position to complain of the alleged insufficiency of plaintiff's petition, unless such insufficiency presents a case of fundamental error. We do not think that such a contention must be sustained in the instant case.

Appellants' motion for rehearing is overruled.

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

