To each of questions 3, 4, 5, and 6 the court answers "No."

---

## NATIONAL BANK OF CLEBURNE et al. v. M. M. PITTMAN ROLLER MILL.
### (No. 586–4052.)

(Commission of Appeals of Texas, Section A. Nov. 19, 1924.)

**1. Damages ⬉40(2)—Loss of expected net proceeds from resale of wheat held element of damages for breach of contract to loan money to buy wheat.**

In action by milling company against bank for breach of contract to make loan, loss of net profits, expected from resale of wheat, and contemplated by party when contract was made, *held* element of damages, not too remote or contingent.

**2. Damages ⬉6—Rule against recovery of contingent damages not applicable to those certain to result but uncertain in amount.**

Rule against recovery of uncertain and contingent damages as too remote only applies to such damages as are not certain result of breach, and not those certain to result but uncertain in amount.

**3. Damages ⬉190—In action for breach of contract to loan money with which to buy wheat, evidence held insufficient to support recovery of net profits possible from a resale.**

In action for breach of contract to make loan, evidence *held* insufficient to show purpose of loan was to furnish funds to purchase wheat for resale so as to support recovery of possible net profits from resale.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the M. M. Pittman Roller Mill against the National Bank of Cleburne and others. Judgment for plaintiff in the district court was affirmed by the Court of Civil Appals (252 S. W. 1096), and defendants bring error. Reversed and remanded to district court.

Thompson, Barwise, Wharton & Hines and Ellis Douthit, all of Fort Worth, for plaintiffs in error.

Wm. H. Atwell, of Dallas, for defendant in error.

BISHOP, J. This suit was instituted by defendant in error to recover of plaintiffs in error the sum of $8,400 by reason of alleged breach of contract to loan defendant in error $14,000 with which to buy wheat during the season of 1921. Defendant in error alleged that it was necessary to have said funds in order to run its said business and flouring mill. It set out in its petition the written agreement alleged to have been breached, which is hereinafter quoted, and alleged that with said $14,000 it could and would have purchased 14,000 bushels of wheat upon which it would have made the sum of $8,400, or 60 cents per bushel; that by reason of said breach it was damaged in the sum of $8,400; and that it could have bought wheat at $1 per bushel in June and July, and could have sold it in September for $1.60 per bushel. The case was tried by the court without a jury, and resulted in a judgment in favor of defendant in error for the amount sued for. The record contains the findings of fact and conclusions of law of the trial court and also a statement of facts.

There is evidence to sustain the finding of the trial court that the contract to make the loan was entered into as alleged, and that same was breached; that defendant in er-

ror could not obtain the $14,000 from any other source; and that wheat could have been purchased in the local market for $1 per bushel in June and July, and could have been sold in September for $1.60 per bushel.

The court also found that defendant in error was engaged in the business of buying wheat and storing it in elevators and later selling it for a higher price, and "that by the terms of the agreement made between the parties it was in their minds that the profits were to be made out of the proceeds of purchasing and selling the wheat crop in Johnson county during the wheat season of 1921," and these findings are challenged by plaintiff in error. Having approved these findings, the Court of Civil Appeals affirmed the judgment of the trial court. 252 S. W. 1096.

[1, 2] By the first assignment of error it is claimed that the court erred in allowing defendant in error to recover, as a measure of damages. the profits that it would have made by buying and selling the wheat, and in holding that such profits were not remote and contingent. Damages for the breach of a contract can be said to be too remote and contingent only when it can be said that at the time of entering into the contract such damages were not in contemplation of the parties thereto. Whether such damages were in contemplation of the parties depends upon the contract itself and the facts and circumstances surrounding its execution. It is a fact to be determined by the evidence or a conclusion to be drawn from the terms of the contract itself. The rule that damages which are uncertain and contingent, and therefore too remote, cannot be recovered "only applies to such damages as are not the certain result of the breach, and not to such as are the certain result, but uncertain in amount." Blagen v. Thompson, 23 Or. 239, 31 P. 647, 18 L. R. A. 315; Lanahan v. Heaver, 79 Md. 413, 29 A. 1036; Jones v. George, 61 Tex. 347, 48 Am. Rep. 280; Welsh v. Morris, 81 Tex. 159, 16 S. W. 744, 26 Am. St. Rep. 801.

We quote from 1 Sutherland on Damages (4th Ed.) § 59:

"The grounds upon which is founded the general rule of excluding profits in estimating damages are: (1) That in the greater number of cases such profits are too dependent upon numerous and changing contingencies to constitute a definite and trustworthy measure of damages; (2) because such loss of profits is ordinarily remote and not the direct and immediate result of a nonfulfillment of the contract; (3) the engagement to pay such loss of profits, in cases of default in performance, does not form a part of the contract, nor can it be said, from its nature and terms, that it was within the contemplation of the parties."

If, as found by the trial court, it was in contemplation of the parties at the time of the contract that defendant in error was to engage in the business of buying and selling

265 S.W.—65

wheat with the hope of deriving a profit therefrom, it would be entitled, under proper pleading, to recover whatever net profits it could show that it would have made had the terms of the contract been complied with. If plaintiff in error bank knew at the time it obligated itself to loan the $14,000 that the defendant in error intended to use this sum in purchasing wheat to be sold for a profit, it could not excuse itself from liability for its wrong in breaching its contract on the plea that at the time of the contract it was uncertain whether there would be any profits at all. If it contracted that defendant in error should reap the benefit of profits, should there be any, it should be required to pay whatever damages defendant in error could show had been sustained by being deprived of such profits.

[3] However, plaintiffs in error claim that there is no evidence showing or tending to show that defendant in error was buying wheat for the purpose of sale and that there is no fact or circumstance which would even indicate that it was within the contemplation of the parties that the money to be loaned was to be used for the purpose of buying wheat which was thereafter to be sold for a profit.

Following is a written memorandum of the agreement:

"The National Bank of Cleburne.
"Cleburne, Tex., May 9, 1922.
"Mr. M. M. Pittman, Pres., Cleburne, Tex.— Dear Sir: In consideration of the execution and prompt payment of three notes executed by you to the above bank on this date, as follows: $2,316.47 January 9, 1922: $3,000 February 9, 1922, and $3,000 March 9, 1922, we agree to lend you as much as $14,000 additional money to purchase wheat this season, said wheat to be stored in separate elevator and chattel mortgage, satisfactory to said bank to be executed by you to secure the payment of this advance of money, and same to be repaid as wheat is milled or as notes mature.
"Very truly yours,
"S. B. Norwood, President."

The statement of facts is short, containing the testimony of one witness only, Mr M. M. Pittman, who testified that he and his wife were the owners of the corporation, M. M. Pittman Roller Mill, defendant in error. The above written agreement shows that the loan was to be made to furnish funds to purchase wheat to be milled. The witness nowhere testifies that it was ever intended that the wheat which he intended to purchase was to be sold. He testifies that he did purchase some wheat during that season, but does not testify that he ever sold or intended to sell. He testified that wheat during the months of June and July could have been bought for $1 per bushel and during September could have been sold for $1.60 per bushel. There is no evidence indicating that defendant in error was in the business of buying wheat for the purpose of sale, and there is nothing

in the record from which it could be inferred that, at the time the contract to make the loan was entered into, it was in contemplation that profits might be derived from the sale of wheat. All of the evidence seems to indicate that the wheat was to be purchased for the purpose of manufacture and not for the purpose of sale. This being true, of course, profits from the sale of wheat could not furnish the proper measure of damages. If defendant in error was injured by reason of a breach of the contract, such injury must, under the pleadings, be measured by what damages it could show it had sustained by reason of not having the promised funds to purchase wheat for milling purposes.

We therefore recommend that the judgment of both the district court and the Court of Civil Appeals be reversed and the cause be remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.