### CANNON et al. v. HATHAWAY et al. (No. 3147.)

Court of Civil Appeals of Texas. Amarillo. Jan. 2, 1929.

Ross M. Lambdin, of Amarillo, and Art Schlofman, of Dalhart, for plaintiffs in error.

R. E. Stalcup, of Dalhart, for Reece, administrator, and R. E. Stalcup, trustee.

Frank Tatum, of Dalhart, and F. H. McGregor, of Amarillo, for Hathaway.

RANDOLPH, J. The matters here in controversy were presented in two suits, each of which were filed in the district court of Dallam county, Tex. The first suit was in trespass to try title and was brought by Naomi Cannon and her husband, R. E. Cannon, against W. A. Hathaway, J. B. Coe, and G. R. Hook, and numbered on the docket of said court 1541, involving the title to lots 1, 2, 3, and 4, in block 28, Blair's division of the town of Dalhart, Tex. The second was a suit by the same plaintiffs, No. 1542, against A. M. Reece, as administrator of the estate of Louisa J. Le Master, deceased, and R. E. Stalcup, as trustee, in the deeds of trust described later. Judgment was rendered by the trial court without the intervention of a jury, in favor of the defendants. From this judgment, plaintiffs have appealed to this court.

The plaintiffs alleged in their petition the execution by the plaintiffs of a note in the sum of $500, and of a deed of trust upon lots 1 and 2 in block 28 of said Blair's division of said town, and further that it was intended by said deed of trust to create a lien on lots 1 and 2 in block 26 of said division, and that, through the mistake of the scrivener, or through fraud on the part of Louisa J. Le Master, said deed of trust was made to cover

lots 1 and 2 in block 28 in said division; that the mistake was discovered by R. E. Cannon, who, without the knowledge of his wife, caused the county clerk of Dallam county to change the record of said deed of trust so that, instead of reading as the deed of trust was originally executed by the plaintiffs, it read so as to cover lots 3 and 4 in block 28; that Naomi Cannon did not authorize said change, but that said change was made with the full knowledge and acquiescence of R. E. Stalcup, trustee in said deed of trust; that two years after the execution of this deed of trust a renewal deed of trust was executed by the plaintiffs, which plaintiffs allege was not privily acknowledged by Naomi Cannon, in that it was not explained to her nor read to her and none of the statutory questions were asked by the notary taking the acknowledgment, and that the acknowledgment was taken in the presence of her husband; that Naomi Cannon was led to believe and did believe when signing said deed of trust that the same covered lots 1 and 2 in block 26, or that it was on their farm in Hartley county.

Plaintiffs further alleged that, at the time of the giving of the deed of trust and at the time of the renewal thereof, on May 5, 1925, and at all times mentioned, lots 3 and 4 in block 28 aforesaid constituted the homestead of plaintiffs, and were the separate property of Naomi Cannon, and had never been abandoned as a homestead. Plaintiffs prayed for an injunction restraining the sale of said property by the trustee under the power in the deed of trust, and a temporary writ was granted.

An order was entered by the trial court consolidating the two cases, 1541 and 1542, and they were tried as one case.

The plaintiffs filed no motion for rehearing, but, by the seasonable filing of writ of error proceedings with the clerk of the district court of Dallam county, the case has been brought before us for review.

■ The assigned errors upon the overruling of plaintiffs' demurrers and exceptions cannot be considered, for the reason that no order of court is shown in the transcript indicating any action by the trial court upon such demurrers and exceptions.

■ There being pleading and evidence to support the judgment, the rendition of the judgment cannot be attacked here, except for fundamental error. Dees v. Crane (Tex. Civ. App.) 175 S. W. 468; Loeb v. Texas & N. O. R. Co. (Tex. Civ. App.) 186 S. W. 378; Woodruff v. Deshazo (Tex. Civ. App.) 181 S. W. 250.

We do not deem it necessary to state the pleadings of the defendants, but do state that we think they sufficiently plead the right of defendants to recover herein, and we will proceed, therefore, to review the proceedings only for the purpose of ascertaining whether or not the trial court committed fundamental error in the rendition of his judgment.

If the evidence, without controversy, shows that the lots in controversy constituted the plaintiffs' homestead, the judgment should be reversed. But, if the evidence shows an abandonment of the homestead, by the plaintiffs, and that at the time of the attempted court proceedings by Hathaway and others and at the time of the attempted sale by Stalcup, as trustee, the plaintiffs had acquired another homestead, or if the evidence is conflicting as to such abandonment and acquisition of homestead, the trial court's judgment must be sustained.

R. E. Cannon, one of the plaintiffs, testified: That he is a machinist and had worked for ten years for the Rock Island Railroad. That his wife is Naomi Cannon. That he borrowed $500 from Mrs. Le Master and gave a deed of trust on some lots to secure its payment. This deed of trust, according to Cannon, had an error in it; he claiming that it should have covered lots 1 and 2 in block 26, when it actually covered lots 3 and 4 in block 28. Further, that he notified Mrs. Le Master and she came down, and, together with R. E. Stalcup, her attorney, they all went to the clerk's office and had the record changed. At the time he discovered the mistake, he had disposed of lots 1 and 2 in block 26. That afterwards this deed of trust was renewed by deed of trust dated May 5, 1925, which last deed of trust covers lots 3 and 4 in block 28, claimed by the plaintiffs as their homestead. As to this last deed of trust, the plaintiffs allege that it was never acknowledged in the manner and as required by the statute by plaintiff Mrs. Cannon, and therefore was not her act and deed, and the testimony supports this allegation.

■ However, the allegation and proof that the original deed of trust did not cover lots 3 and 4 in block 28, and that the correction of the record of same so as to include lots 3 and 4 in block 28 was an unauthorized proceeding and lent nothing to the legal effect of such instrument, and also the allegation and proof that the renewal deed of trust was not legally acknowledged by Mrs. Cannon, become immaterial if, at the time of the execution and delivery of the last deed of trust on May 5, 1925, the lots 3 and 4 in block 28 had ceased to be the homestead of the plaintiffs. Lots 3 and 4 in block 28 were conveyed to R. E. Cannon, and stood on the record in his name until December 1, 1925, at which time Cannon deeded the lots to his wife. Consequently the lots were community property, for, if the homestead had been abandoned, the husband had the authority to sell or incumber the lots, as he did in this case. Therefore, the second deed of trust having been duly signed and acknowledged by him, it was not necessary for the wife to join in its execution; this, in view of the fact that the deed to the wife from Cannon was not executed until eight or nine months after the sale of said lots under the court process and

until the expiration of practically this time after the execution of the last described deed of trust. Ley v. Hahn, 36 Tex. Civ. App. 208, 81 S. W. 354.

■■ The evidence showing the abandonment, to our minds, more than offsets the evidence of the plaintiffs as to their intention to return and their claim that they had not abandoned their homestead in lots 3 and 4 in block 28. But, to say the best possible for the plaintiffs' contention, the evidence is conflicting. Hence the judgment of the trial court must be sustained. The general judgment of the trial court is a finding against such contention. Especially is this true as the plaintiffs did not request findings of fact from the trial judge, and they are in no position to assert that such judgment is not a finding against their homestead claim. That the trial court's findings of fact are entitled to the same consideration as a verdict of a jury, see 1 Michie's Digest, p. 465.

■ We can see no useful purpose in setting out the evidence in full on the question of abandonment, but, together with the evidence recited above, we call attention to the following facts as have essential weight in sustaining the trial court's judgment: The plaintiffs moved from lots 3 and 4 in block 28 to a tract of land consisting of 4.9 acres of land on the outskirts of the town of Dalhart, which they had purchased from one McDonald. They lived at this place about two years. They then traded the McDonald place in on a farm three miles south of Dalhart, where they resided about eleven months. During the time they were residing on this farm, the plaintiff R. E. Cannon made application for a loan of $4,000 on it. In his application, he claimed a part of this farm as his homestead. During the years that the plaintiffs resided on the McDonald place and on the farm south of town, R. E. Cannon, the husband, was working for the Rock Island Railroad and also for the Denver Railroad, and was absent from home, both in Childress and Texline. The plaintiff Naomi Cannon and her children left the farm on the 27th day of December, 1924, and went back to the house on lots 3 and 4 in block 28. It will be remembered that it was during their residence on the McDonald place and on the farm that the deeds of trust securing the $500 loan from Mrs. Le Master were executed and delivered. After the return of Mrs. Cannon and her family to lots 3 and 4 in block 28, they stayed there until May 21, 1925, and at that time they joined their husband and father at Texline and stayed there until August, 1925.

These physical facts override the declared intention of the plaintiffs, which intention is declared after the consummation of all of the above transactions and after the events which constitute defendants' cause of action had culminated in the various instruments and court proceedings they are claiming un-der. The intention of plaintiffs, therefore, can have no such controlling effect as to require us to set aside the judgment of the trial court; that court having found by its judgment that the homestead claim had been lost by abandonment.

If the wife's homestead claim had been abandoned, it follows certainly that the deed of trust given on the claimed homestead after the abandonment became effective could not be set aside and avoided by a conveyance from the husband to the wife and by the assertion of a new homestead claim by Mrs. Cannon. She takes the property subject to all legal claims against it.

Finding no reversible error, we affirm the judgment of the trial court.