## HIRSCH v. GOLUMB et al.
### No. 3914.

Court of Civil Appeals of Texas. Texarkana.
Dec. 8, 1930.

Rehearing Denied Dec. 18, 1930.

Max R. Rosenfield, of Dallas, for appellant.

John Davis, of Dallas, for appellees.

HODGES, J.

This suit originated in the justice court of Dallas county. It was filed by the appellees Golumb and Garfinkle against Hirsch upon an open account for $75.75, due as the purchase price of goods sold and delivered to Hirsch. The appellees were partners doing business in New York City under the name of "Super-Maid Undergarment Company." Hirsch filed a cross-action claiming damages in the sum of $171.50 for the breach of the contract upon which he had purchased the goods from the appellees. The trial in the justice court resulted in a judgment in favor of Hirsch for the sum of $67, that being the difference between the amount of the account sued on by appellees and the damages awarded to Hirsch on his cross-action.

The appellees carried the case to the county court by a writ of certiorari. In a trial before the court without a jury, a judgment was rendered in favor of the appellees for the sum of $75.75, and a denial of any damages to Hirsch on his cross-action. Hirsch appeals and assigns as error that the judgment denying him a recovery on his cross-action was contrary to the undisputed evidence.

In the trial of the case, Hirsch testified, in substance: He had been doing business with the appellees since 1927. He lived in Dallas and took orders for goods upon samples and sent those orders to the appellees to be filled. In the early part of 1928, while he was in New York City, the appellees showed him some samples of goods and solicited his trade, assuring him that he could have unlimited credit. He then entered into an agreement with appellees whereby it was understood that he would send them orders for goods and those orders would be filled. He stated that he sent two orders for goods, one on January 26, 1928, and the other March 14, 1928, which appellees refused to fill. He sent an order on February 18th that was filled, and the goods delivered upon that order, amounting to $75.75, are the basis of the account sued on.

No other witnesses testified in the case and there was no contradiction of the testimony given by Hirsch.

The following is the substance of the facts found and filed by the trial court: (1) That while in New York in January, 1928, Hirsch had an understanding with the appellees that they were to fill orders sent in by him for merchandise, that such orders were not to be sent until Hirsch actually secured orders from customers. (2) That after Hirsch returned from New York to Dallas, he sent three orders to appellees, one on January 26, 1928, for goods aggregating $57, another dated February 18, 1928, for goods aggregating $75.75, and a third on March 14, 1928, for merchandise aggregating $120.50. (3) That the order of February 18th was received and filled by the plaintiffs, but the amount of it had never been paid by Hirsch and was still due when he gave the third order. The other two orders sent by Hirsch, one for $57 and the other for $121, were received by the appellees, but they failed to ship the goods called for. (4) That the unfilled orders were for goods previously sold by Hirsch from samples before his orders were sent and that, according to the testimony of Hirsch, his profits on that merchandise, if delivered, would have been $171.50. (5) That Hirsch received first information on March 18, 1929, that the merchandise called for in the unfilled orders would not be shipped. At that time that character of merchandise was out of season and would be worthless to Hirsch. (6) That Hirsch used reasonable diligence to secure a like kind of merchandise from other sources but was unable to do so. (7) That Hirsch did not, while in New York in January, 1928, or at any other time, advise the appellees of the names and addresses of the parties to whom he had sold or expected to sell the merchandise ordered, nor did he, at that or any other time, advise them of the amount of profits he expected to make from the sale of those goods. Upon those findings the court reached the following conclusions of law:

(1) That the plaintiffs in the suit were entitled to judgment against Hirsch for $75.75.

540

(2) That Hirsch was not entitled to judgment on his cross-action.

(3) That the loss of profits as pleaded and proven was not within the reasonable contemplation of the parties.

(4) "That the defendant not having advised the plaintiffs or either of them the names and addresses of the parties to whom he, the said Hirsch, had sold or expected to sell the merchandise ordered by said Hirsch from said plaintiffs, loss of profit as plead and proven was not within the reasonable contemplation of the parties."

(5) "That the defendant not having advised the plaintiffs or either of them of the amount of profits he expected to make on and from the goods, wares and merchandise ordered by the said Hirsch from the plaintiffs, loss and profits as plead and proven was not within the reasonable contemplation of the parties."

Evidently this judgment is based upon the conclusion, as stated above, that the profits for which Hirsch sued were too remote and uncertain to constitute a basis for recovery for damages. This, we think, was an error. Grand Prairie Gravel Co. v. J. B. Wills Co. (Tex. Civ. App.) 188 S. W. 680; National Bank of Cleburne v. Pittman Roller Mill (Tex. Com. App.) 265 S. W. 1024, 36 A. L. R. 1405; Bagby v. Hodge et al. (Tex. Civ. App.) 297 S. W. 882; Big Four Ice & Cold Storage Co. v. Williams (Tex. Civ. App.) 9 S.W.(2d) 177; National Bank v. Pittman Roller Mill (Tex. Civ. App.) 252 S.W. 1096.

The appellees knew that Hirsch was buying those goods for resale and that he had already taken orders from purchasers. They knew the exact amount of goods he had ordered for the purpose of filling those orders and the price he was to pay for those goods. Hirsch was not required to advise them of the amount of profit he expected to receive in the resale. Nor was he required, in order to recover damages for the breach of the contract, to state the names of the parties to whom his sales were made.

The judgment will be reversed, and the cause remanded for a new trial.