## CLEMENT v. RAINEY et al.
### No. 4188.

Court of Civil Appeals of Texas. Texarkana.
May 9, 1932.

Rehearing Denied May 19, 1932.

Wm. H. Clark, of Dallas, and W. L. Willie, of Paris, for appellant.

Edgar Wright, of Paris, for appellees.

WILLSON, C. J. (after stating the case as above).

It is insisted that the adjudications of the county court of December 24, 1921, and February 18, 1924, that the testator, H. A. Clement, was of unsound mind were conclusive of the fact that he was not competent to make the will of February 16, 1924, in question here. But the rule is otherwise. "A person," said the writer of the article on "Wills" in 28 R. C. L. 100, "who, in lunacy proceedings, has been adjudged to be of unsound mind is not necessarily incompetent to make a will although such adjudication is not set aside. One's mental powers may be so far impaired as to incapacitate him from the active conduct of his estate, and to justify the appointment of a guardian for that purpose, and yet he may have such capacity as will enable him to direct a just and fair disposition of his property by will."

The most that can be contended for on account of the adjudications is that they prima facie establish that the testator was not competent to make the will.

The trial court instructed the jury that a person over twenty-one years of age had a right to dispose of his property by a will if at the time he executed it he had "sufficient mental ability to understand the nature of the business in which he was engaged, the effect of his act in making the will and the general nature and extent of his property," and submitted to them an issue as to whether the testator had such mental ability or not. The jury found in response to the issue that the testator had such ability. The finding was based on testimony of the subscribing witnesses to the will, testimony of other parties present when the will was executed, and testimony of still other parties entitled to be heard as witnesses, in effect that at the time he made the will the testator was of sound mind within the meaning of the law applicable in such cases. The testimony of said witness was undisputed, and, we think, warranted the conclusion of the jury that the prima facie case made by the adjudications referred to had been sufficiently overcome, and their finding that the testator had mental capacity entitling him to make the will. Therefore the assignments of error numbered 1, 2, 3, 4, 5, 6, 10, 11, 13, 15, 16, 17, 18, 19, 20, 22, and 23 in plaintiff in error's brief are overruled.

■■ There is no merit in the contention in plaintiff in error's brief based on the failure of the trial court to submit to the jury an issue as to whether "undue influence" was practiced upon the testator to induce him to make the will or not. Said court was not requested to submit such an issue, and no objection based on the omission of such an issue was made to the charge before it was submitted to the jury. Moreover, such an issue was not made by the evidence. The view to the contrary is based entirely on the fact that defendant in error David E. Rainey, named as a beneficiary in the will and also as the executor thereof, was guardian of the testator's person and estate at the time the will was executed. There was no evidence that said Rainey ever said anything to the testator about making a will, knew anything about his intention to make one, or that he had made one until after his (the testator's) death. Hence, the assignments numbered 7, 9, and 14 in plaintiff in error's brief are overruled.

■■ The contention in said brief that the trial court erred when he permitted defendants in error to use as evidence at the trial in the district court the testimony heard and reduced to writing at the trial in the county court is also without merit. It appears from the court's qualification of the bill of exceptions in the record that the evidence in question "was taken in writing signed and sworn to by the witness and filed and record-

ed," and properly certified to before it was sent to the district court and used there. The taking and preservation of such testimony was provided for in article 3351, R. S. 1925, and in an amendment of that article of the statutes by an Act of the 40th Leg. (General Laws [1927] p. 142, c. 92, § 1 [Vernon's Ann. Civ. St. art. 3351]) it was expressly provided that a copy of the record of such testimony might "be read in evidence on the trial of the same matter in any other court when taken there by appeal or otherwise." Hence the assignments of error numbered 24 and 25 in said brief are overruled, as is also the assignment numbered 21, in which complaint is made of the action of the court in excluding as evidence the testimony of one Louis Jackson. In the absence, as in the case, of a bill of exceptions covering the matter complained of, this court cannot review the action of the trial court.

Contentions not disposed of by what has been said are believed also to be without merit and are overruled.

The judgment is affirmed.