### WAXAHACHIE NAT. BANK v. HANES et al.
#### No. 1227.

Court of Civil Appeals of Texas. Waco.

May 19, 1932.

Mark Smith, of Waxahachie, for appellant.

W. E. Chapman, of Ennis, and Olin Crisp, of Kaufman, for appellees.

### GALLAGHER, C. J.

Appellant, Waxahachie National Bank, instituted this suit in the district court against L. C. Hanes, Genevieve Hanes, his wife, W. K. Rudolph, and S. M. Rudolph, to recover a balance of $2,000, with interest and attorney's fees, alleged to be due on a note executed by Hanes and wife to the said Rudolphs and by them for a valuable consideration indorsed in blank and delivered to appellant, and to foreclose a deed of trust lien given by Hanes and wife on a certain tract of land in Henderson county to secure the same. Appellant alleged that said note was transferred to it by the defendants Rudolph as collateral security for an indebtedness owed by them to it for a sum in excess of the amount due on said note. Said suit was instituted on May 23, 1928. The transcript fails to show that citation was issued or served on the defendants Rudolph or that they at any time either appeared or answered in the cause. Appellant's petition contained no allegations sufficient to show that conditions precedent to liability on the part of the defendants Rudolph as indorsers existed. Wardlaw v. Farmers' & Merchants' Bank Co. (Tex. Civ. App.) 34 S.W.(2d) 419, 420, par. 1, and authorities there cited. Hanes and wife, as a part of their defensive pleadings, filed a purported plea in abatement, in which they alleged that, subsequent to the execution and delivery of said note and deed of trust, said Hanes was duly adjudged a bankrupt; that the land described in said deed of trust was by order of the bankrupt court set aside to him as his homestead, subject, however, to all valid liens existing thereon at the time; that he was thereafter by said court dis-

charged from all his provable debts, including the note sued on. They further alleged that thereafter and during the pendency of this suit appellant caused said land to be sold under the power contained in said deed of trust and purchased the same at such sale and secured by such purchase a good, valid, fee-simple title thereto. They alleged that they did not know whether the amount bid for said land at said sale was sufficient to discharge the debt sued on or not, but that whether the same was sufficient or not was immaterial, since Hanes had been discharged from such indebtedness and no personal judgment could be rendered against him thereon.

The case was tried to the court on July 2, 1931. The court treated said plea as one in abatement rather than in bar, heard the same, and entered an order finding the facts therein alleged to be true, and reciting that the court was of the opinion that appellant was estopped from further prosecuting this suit, and that said plea in abatement ought to be sustained. The court thereupon entered a judgment dismissing the cause at appellant's cost. None of appellant's assignments of error assail said judgment.

■ Appellant presents an assignment of error in which it complains of the action of the court in permitting the defendants Hanes to amend their plea in abatement on the eve of trial. The record contains no bill of exceptions showing that appellant objected to the filing of said amended plea, nor that it excepted to the action of the court in overruling such objection. Said assignment therefore cannot be considered. Houston & T. C. Ry. Co. v. Kinser (Tex. Civ. App.) 91 S. W. 243; Brazelton Lumber Co. v. Roberts (Tex. Civ. App.) 253 S. W. 698, 699, par. 1, and authorities there cited; Closner & Sprague v. Acker (Tex. Civ. App.) 200 S. W. 421, 426, par. 6; 3 Tex. Jur., p. 566, § 398.

■ All the other assignments of error presented by appellant in its brief complain of the action of the court in overruling the general demurrers and special exceptions contained in its several supplemental petitions. The transcript does not disclose that said demurrers and exceptions, or any of them, were presented to the court for consideration nor acted on by it. Said assignments cannot therefore be considered. Clarke v. A. B. Frank Co. (Tex. Civ. App.) 168 S. W. 492, 497, par. 3 (writ refused); Chicago, R. I. & G. Ry. Co. v. Trinity Valley Produce Co. (Tex. Civ. App.) 269 S. W. 1109, 1110, par. 1; Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520, 521, par. 1, and authorities there cited; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469, 471 (writ refused); McElwrath & Rogers v. Alexander (Tex. Civ. App.) 250 S. W. 1051, 1053, par. 7, and authorities there cited;

Cannon v. Hathaway (Tex. Civ. App.) 12 S.W. (2d) 618, 619, par. 1; 3 Tex. Jur., p. 444, § 314.

Since none of appellant's assignments present reversible error, the judgment of the trial court is affirmed.