**REILLY et al. v. BIRMINGHAM et ux.**
**No. 7711.**

Court of Civil Appeals of Texas. Austin.
July 13, 1932.

On Rehearing Sept. 28, 1932.[1]

Theodore E. Simmang, of San Antonio, for appellants.

Page & Powell, of Bastrop, for appellees.

BAUGH, J.

E. A. Reilly and "Trapshooter" Reilly Oil & Royalties Company, a joint-stock company, were in 1930 operating certain oil wells in Bastrop county about two miles from what is designated as Birmingham Lake, located on lands owned by appellees. On May 1, 1930, appellants entered into a written contract with appellees whereby the latter agreed, subject to the conditions set forth therein, to furnish water to the former from said lake to operate said wells for a period of three years at a monthly rate of $75, payable in advance. Appellants used and paid for such water for a period of seven months, and then repudiated the contract; whereupon appellees brought this suit for damages. Trial was to the court without a jury, and judgment rendered in favor of Birmingham on June 26, 1931, for $1,-870.50, from which Reilly and the oil company have appealed. Further pertinent facts will be stated in discussing the issues presented.

The first contention made by appellants, based upon the first eight assignments of error, assert error of the trial court in overruling defendants' (appellants here) exceptions to plaintiffs' pleadings. The action of the trial court in this respect is shown only by bills of exception. Nowhere in the judgment, nor in any order of the court shown in the transcript, does it appear what action the trial court took upon such special exceptions.

It is now well settled that action of the trial court upon exceptions to the pleadings, not entered of record, but brought to the appellate court only by bills of exception, cannot be reviewed on appeal. Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469 (writ ref.); Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Cannon v. Hathaway (Tex. Civ. App.) 12 S.W.(2d) 618; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208; Waxahachie Nat'l Bank v. Hanes (Tex. Civ. App.) 50 S.W. (2d) 424; 3 Tex. Jur. 444.

The next issue relates to the measure of damages. While not properly presented, we think it is sufficiently raised to entitle it to consideration. There is no merit in the con-

[1] October 5, 1932, former judgment set aside, trial court's judgment reformed in accordance with remittitur filed by appellees, and, as so reformed, it is affirmed; costs of appeal taxed against appellees.

tention that appellees could recover only on quantum meruit. Appellees could have recovered on that basis; but such was not the basis of their suit. When appellants repudiated the contract, appellees had their election of any one of three remedies. See 6 R. C. L. 1032. They elected to treat the contract as at an end, and sued for damages for breach of same in its entirety. While the contract provided that it was to run for a period of three years, there was no express promise to pay $75 per month for that period of time. It was obvious that both parties to it anticipated that it might be sooner terminated by either of them. Section 3 of said contract provided:

"3. This agreement shall be for a period of three years from date hereof. First party shall have the right to discontinue the purchase of water from the second party and to terminate this contract upon its abandonment of operation of all of the said wells now being operated by first party on the lease aforesaid prior to the expiration date set forth above, upon giving ten days written notice to party of the second part. And this contract shall also terminate upon the sale or assignment of the said wells prior to the expiration date set forth above. Second party shall have the right to discontinue the sale of water to the first party and to terminate this contract before the expiration date set forth above should said second party at any time deem the supply of water in said lake to be insufficient to fulfill the needs of said first party under the terms of this contract and also to fulfill the needs of Atlantic Oil Producing Company of Dallas, Texas, under its contract of recent date with said second party, and also to fulfill the needs of said second party and their tenants for domestic purposes and for the watering of live stock which may be pastured upon the Birmingham Ranch (upon which is situated said Birmingham Lake) and the adjoining ranch known as the Trigg Ranch, second party expressly reserving the right to protect their needs as aforesaid and the needs of the said Trigg Ranch, and the needs of the said Atlantic Oil Producing Company in preference to supplying first party under this contract, which is made subject to the same. Should such condition arise second party shall give first party ten days written notice before terminating this contract and cutting off first party's supply of water."

The first party named in the contract was "Trapshooter" Reilly Oil & Royalties Company, and the second party was Birmingham. While the evidence was sufficient to show that appellees had adequate water in the lake to supply appellants' needs under the contract up to the time of the trial, the contract yet had approximately two years to run. It may be admitted that, if the Birminghams had made no reservations in the contract, but that the oil company had reserved the right to terminate it upon the conditions named, i. e., abandonment or sale of their wells, and had then repudiated the contract in toto before the happening of any such conditions, such oil company could not set up such conditions as mere possibilities against its own breach and defeat appellees' right of recovery. But appellees can recover only such damages for breach as were or should have been in reasonable contemplation of the parties at the time the contract was made. And it is incumbent upon them to prove their damages with reasonable certainty. The rule as to future, speculative, remote, or contingent damages flowing from a breach of contract is that it "only applies to such damages as are not the certain result of the breach, and not to such as are the certain result, but uncertain in amount." Story Parchment Co. v. Paterson Parchment Paper Co., 282 U. S. 555, 51 S. Ct. 248, 75 L. Ed. 544; Nat'l Bank of Cleburne v. M. M. Pittman Roller Mill (Tex. Com. App.) 265 S. W. 1024, 1025, 36 A. L. R. 1405. Such rule, however, applies to the right to recover at all; and does not minimize the rule that, the right of recovery being admitted, the amount of the recovery must be proven with a reasonable degree of certainty. Not only was there no evidence that appellees could or would have available in said lake sufficient water to supply appellants' needs, a doubt and uncertainty which they expressly recognized in the contract, but the named contingencies and conditions imposed by appellees which not only authorized, but in effect required, them to terminate the contract, were such as in their very nature rendered them impossible of ascertainment with any reasonable degree of certainty. Any of the conditions imposed in the contract by each of the parties to it might occur at any time during the period of the contract yet to run that would terminate it, and absolve both parties from any further liability under it. See Pollack v. Pollack (Tex. Com. App.) 39 S.W.(2d) 853; Id. (Tex. Com. App.) 46 S.W.(2d) 292; Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084. Certainly a contingency which cannot be determined with any reasonable degree of certainty cannot be made the basis for a definite amount of damages. Clearly the contract sued upon was not an absolute agreement on the part of appellees to furnish water to appellants for a period of three years; but to furnish it only subject to the conditions and limitations in the contract. Appellees could not recover for water to be furnished for the remainder of the contract period without even a prima facie showing that they could or would so furnish it to appellants. The judgment, therefore, in so far as it awards damages accruing or to accrue subsequent to the time of the trial, is erroneous.

The other matters complained of as to the admission of evidence and refusal to appellants of the right to cross-examine the wit-

ness Birmingham are not presented by any bill of exception, in absence of which we cannot consider the trial court's action thereon. Clement v. Rainey (Tex. Civ. App.) 50 S.W.(2d) 359.

There is nothing in the record to show that any plea of privilege was filed, or, if so, what action was had thereon. In any event, the action was upon a contract performable in Bastrop county and venue properly obtained in that county.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

Appellees in an able motion for rehearing earnestly insist that, appellant having arbitrarily breached the contract, it was incumbent upon it, in order to relieve itself from liability for the full term of the contract, to plead and prove any or all conditions stipulated in the contract which would excuse it for its breach. As a general proposition, that is true, and undoubtedly applies to all conditions in the contract which would relieve appellant as against a full performance by it. However, several conditions were reserved in the contract for the express benefit of appellee Birmingham which would, if they occurred, relieve him from any further performance of the contract, regardless of the contingencies inserted for the benefit of appellant. The conditions inserted for the benefit of Birmingham and for his protection were conditions with which appellant had nothing to do and over which it had no control. The same rule which would require appellant to negative the conditions which would excuse it for a breach would, we think, require Birmingham, as a condition precedent to his recovery for water to be furnished during the remaining two years of the contract period, to show that he could furnish the water he contracted to furnish. This he did not undertake to do.

Nor does the rule that damages, certain to result from breach of contract, but merely uncertain in amount, may be recovered, apply here. The amount of the damages so long as Birmingham could furnish appellant water during the contract period was definite and certain. If and when he was unable to supply the water contracted for, the damage ceased entirely. Based upon the contingencies reserved for the protection of appellee, therefore, the uncertainty was not as to the amount of the damage; but, if the supply did run short, the uncertainty then became one as to whether any further damages at all would accrue to appellee. Clearly, we think, appellee could not recover, under the conditions he reserved himself in the contract for

his own benefit, for three years' supply of water without some reasonable showing that he could furnish the water during that period.

From the record as presented, appellee was entitled to recover for the water contracted for up to the date of the trial. Appellee has asked permission, in case his motion in other respects is overruled, to file a remittitur of the difference between the amount recovered and the amount due under the contract up to the date of the trial. If appellee desires to file such remittitur within ten days from this date, as so remitted the judgment of the trial court will be affirmed. Otherwise it will be reversed, and the cause remanded for another trial.

Granted in part and in part overruled.