## MUDGE & McLEAN v. JOHN Q. ADAMS.

Decided November 16, 1904.

**1.—Breach of Contract—Damages.**

Where two parties have made a contract which one of them has broken, the other is entitled to such damages as may fairly and reasonably be considered as naturally arising from such breach, or such as may reasonably be supposed to have been in the contemplation of both parties as the probable result of a breach, at the time they made the contract.

**2.—Same.**

Where, in consideration of a register, inkwell and stationery cabinet furnished by plaintiff, an advertising agency, defendants agreed to place the cabinet upon the counter in their hotel, keep it in good order and refer guests seeking purchases or professional services to the cards therein, plaintiff was entitled, as damages for a breach of such contract by a failure to display the cabinet, to the sum which he would have received from other parties for space therein in which to place their business cards.

Appeal from the County Court of Bexar. Tried below before Hon. Robert B. Green.

*James D. Walthall* and *Denman, Franklin & McGown,* for appellants. —1. In an action to recover for breach of contract only such damages are recoverable as might be reasonably supposed to have entered into the contemplation of the respective parties at the time the contract was made, as the probable result of its breach. Wells, Fargo & Co. v. Battle, 5 Texas Civ. App., 522; Jones v. George, 61 Texas, 349; Express Co. v. Darnell, 62 Texas, 639; Suth. on Damages, sec. 1261; Hadley v. Baxendale, 9 Exch., 353.

2. Where it was not alleged in plaintiff's petition that appellants or their alleged agent, had notice, at the time, or before the making of the contract herein, that plaintiff would enter into the collateral contracts with third parties, the profits on said collateral contracts can not be recovered from appellants as an element of special damages. Wells, Fargo Co. v. Battle, 5 Texas Civ. App., 532; Pacific Express Co. v. Darnell, 62 Texas, 640; Railway Co. v. Gilbert, 4 Texas Civ. App., 366; Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 683.

3. If special damages growing out of the contract should be alleged and shown to have been within the contemplation of the parties, then the plaintiff might possibly recover the *net profit* growing out of his collateral contracts, *but certainly not the full amount.* Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 691; Yoakum v. Dunn, 1 Texas Civ. App., 524; Suth. on Damages, 130; Railway v. Hill, 63 Texas, 381; Jones v. George, 61 Texas, 345; Griffin v. Colver, 16 N. Y., 489; Williams v. Barton, 13 La., 410.

4. Where it is shown that the only substantial damages flowing from a breach of contract resulted from the peculiar situation of the party injured, unknown to the party sought to be charged at the time the contract was entered into, only nominal damages are recoverable. Burris v. Hines, 94 Va., 413; Hair v. Barnes, 26 Ill. App., 580; Smith v.

W. U. Tel. Co., 83 Ky., 104, 4 Am. St. Rep., 126; 8 Am. and Eng. Enc. of Law, 548, 557.

*Keller & Keller,* for appellee.—1. On breach of contract plaintiff may recover damages incidental to and caused by breach and reasonably in contemplation of the parties. Jones v. George, 61 Texas, 354; Anderson Electric Co. v. Cleburne Water Co., 44 S. W. Rep., 930, 931.

NEILL, ASSOCIATE JUSTICE. This is a suit by the appellee to recover of appellants $240 damages for a breach of the following contract:

"San Antonio, Texas, February 15, 1901.—In consideration of the Adams Advertising Agency of Omaha, Nebraska, supplying us with one of their ink-well and stationery counter cabinets free of charge, also register for two years, we agree to place same upon our office counter and make it a prominent fixture thereon for a term of two years. We agree to keep said cabinet in good order, and refer our guests seeking purchases or professional services to the cards thereon whenever opportunity offers. This contract is made for a term of six years with a change of cabinet each two years. H. B. Kincaid, Manager Bexar Hotel."

The appellants, after interposing a general demurrer, plead non est factum; the want of a consideration to support the contract; and that its execution was procured by false and fraudulent representations.

The demurrer was overruled, the case tried by the court without a jury, and judgment was rendered for the appellee.

The evidence shows that the contract was executed upon a valuable and sufficient consideration by the appellants; that they were not induced to execute it by any false or fraudulent representations made them by the appellee; that appellee supplied them with the ink-well and stationery cabinet in accordance with the contract, and was ready and willing to furnish them the register, but they refused to place the ink-well and cabinet upon their office counter as they contracted to do, but stored them away where they could not be seen, or cards thereon read by anyone; that by reason of such breach of the contract the appellee could not justly demand, and was not able to collect, the amounts other parties had agreed to pay him for exhibiting in the cabinet their cards of advertisement; which amounts in money, aggregating the sum sued for, were wholly lost to the appellee.

The rule announced in Hadley v. Baxendale—which is generally recognized and has received the unqualified indorsement of the courts of last resort in this state—is, we think, directly applicable to this case. It is thus stated: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it."

The contract on its face was notice to appellants that the only benefit

the appellee could derive from it would be from the cards on the cabinet, to which appellants agreed to refer their "guests seeking purchases or professional service when opportunity offered." And further, it was notice to appellants that appellee had, or would during the term of the contract, make beneficial contracts with other parties in regard to placing their cards on the cabinet. Therefore, the loss of such benefit by the breach of the contract may reasonably be supposed to have been in the contemplation of both parties when the contract was made. The loss of the money that appellee would have received from other parties, had it not been for the nonperformance of the contract by appellants, naturally followed as the proximate result of its breach. And as such amount is capable of certain ascertainment, appellee was entitled to recover it as his damages.

This disposes of the question raised by the demurrer, and our conclusions of fact are determinative of all other questions presented by the assignments of error. Therefore the judgment is affirmed.

*Affirmed.*