JONES et al. v. ROCHE. (No. 843.)

(Court of Civil Appeals of Texas. Beaumont. July 6, 1922. Motion for Rehearing Withdrawn Oct. 4, 1922.)

1. Pleading ⊂⇒406(7)—Petition not challenged by special exception sufficient, when by reasonable intendment liability was charged.

In an action for injuries against a jitney owner and the surety on his bond, where there was no special exception for failure to specifically allege that the car involved was covered by the bond, every reasonable intendment is to be indulged in favor of the petition, and it is to be construed most favorably for plaintiff as stating a cause of action, and where the reasonable intendment of the petition as a whole was that the car was covered, the petition will be sustained.

2. Appeal and error ⊂⇒1051(1)—Admission of opinion or conclusion harmless, when there is other evidence to the same effect and no real conflict.

In an action on jitney owner's bond, the admission of opinions or conclusions to the effect that the jitney in which plaintiff was riding when injured was covered by the bond was harmless, where there was other sufficient, competent evidence of this fact, and no real conflict on the point.

3. Appeal and error ⊂⇒218(2)—Special issue as to jitney driver's negligence not affirmatively erroneous or ground for complaint, in absence of a request for more specific issue.

Where jitney passenger alleged negligence on part of the driver in attempting to pass another vehicle while crossing intersecting street, and to drive between two vehicles on the intersecting street, and in failing to keep a proper lookout or stop after observing the vehicle with which he would probably collide, a special issue as to whether he was negligent in attempting to cross the street and to cross in front of the wagon with which he collided was not affirmatively erroneous, and could not be complained of, in the absence of a request for the submission of a more specific issue.

4. Trial ⊂⇒352(4) — Where discovered peril was pleaded as to one defendant but not the other, submission of the issue as to other not warranted.

Where jitney passenger pleaded discovered peril as against driver of wagon with which jitney collided, but not as against the jitney driver, the court was not warranted in submitting that issue as against the driver.

5. Appeal and error ⊂⇒1032(1)—Assignment of error overruled when harm from submission of issue not pointed out or apparent.

Assignments of error, complaining of the submission of an issue not supported by the

petition, will be overruled, where no harm therefrom is pointed out or apparent.

**6. Appeal and error ⚖️1062(2)—Where jury found driver of wagon not negligent, refusal of issue as to whether his negligence was sole proximate cause was harmless.**

In jitney passenger's action against the jitney owner and owner of wagon with which it collided, where the jury in answer to special issue found the driver of the wagon not guilty of any of the acts of negligence charged, the refusal to submit an issue requested by the jitney owner as to whether negligence of the driver of the wagon was the sole, proximate cause of the injury was harmless

**7. Damages ⚖️132(1)—Verdict of $5,000 for person struck in face by wagon tongue not excessive.**

Where a widow, making her living as seamstress or milliner, and in good health, was struck with great force about the face or cheek bone by a wagon tongue, sustaining a deep and broad gash, exposing the jawbone, and also sustained other bruises, and was rendered unconscious, was confined to her bed for 12 or more days and to her room for a month or more, and suffered and was still suffering at the time of the trial, and would thereafter suffer intense physical pain, and her injuries were permanent, and impaired her speech or articulation, and caused difficulty in masticating food, a verdict for $5,000 was not excessive.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Mrs. J. J. Roche against W. A. Jones, the Interstate Casualty Company and another. From a judgment for plaintiff, the defendants named appeal. Affirmed.

Vinson, Elkins & Wood, of Houston, for appellants.

Ward & Ward, of Houston, for appellee.

HIGHTOWER, C. J. This was a suit by the appellee, Mrs. J. J. Roche, against appellants, W. A. Jones and Interstate Casualty Company, and also against George F. Horton, for the recovery of damages because of personal injuries alleged to have been sustained by Mrs. Roche in consequence of negligence on the part of Jones and Horton, or rather in consequence of negligence of their employés attributable to them.

The accident in which Mrs. Roche received her injuries occurred at the intersection of Main and Commerce streets in the city of Houston, in a collision between a jitney car, owned and operated by Jones as a jitney car under the ordinances of the city of Houston, and a sand wagon, owned by Horton. Mrs. Roche was a passenger in the jitney car at the time, which was proceeding along Main street, and at the intersection of said streets the jitney car came in contact with the sand wagon, and the tongue of the wagon protruded through the side of the car and struck Mrs. Roche in the face and on other parts of her body, inflicting serious and permanent injuries. In her petition Mrs. Roche alleged certain acts of negligence on the part of Horton's driver of the sand wagon, and also on the part of the driver of the jitney car, who was an employé of Jones, and that all such negligence became the proximate cause of her injuries.

Liability against the Interstate Casualty Company was predicated upon the ground that the jitney car in which Mrs. Roche was a passenger at the time was insured against accidents by a policy or bond executed by said company under the ordinances of the city of Houston, for the benefit of such persons as might be injured in the operation of said jitney car, and who might be found to be entitled to recover for such injuries.

The specific negligence charged against the jitney driver, substantially stated, was (1) that at the time of the accident such driver was either driving abreast of or passing, or attempting to pass, at a street intersection another vehicle going in the same direction as the jitney, and that this was in violation of an ordinance of the city; (2) that the jitney was being operated at the time at too great a rate of speed under the circumstances attending the accident; and the third ground of negligence was as follows:

"That said defendant, his agents and employés engaged in the operation of said jitney, failed to exercise the degree of care incumbent upon him, for that he attempted to drive around the vehicle in front of him, and between two moving vehicles driving across said street, when said vehicles were in and upon said street crossing, and he could have by the exercise of due care observed said vehicles, and that they would probably be crossing said street, and that he either lacked due care by his failure to keep a proper lookout, or in failing to stop his jitney after observing such vehicle with which he would probably collide, and in the exercise of ordinary care with the use of the means at hand, he could, and should have stopped said jitney and avoided said collision."

Jones and the Interstate Casualty Company filed a joint answer, consisting of a general demurrer, general denial, and a plea of contributory negligence on the part of Mrs. Roche. Horton answered by general demurrer, general denial, and plea of contributory negligence on the part of Mrs. Roche, and specially pleaded that the injuries received by Mrs. Roche were caused solely by negligence on the part of the jitney driver. We have not stated the grounds of negligence charged against Horton's driver of the sand wagon, since that defendant was acquitted of all negligence charged, and it is not necessary to the disposition of any question on this appeal to further mention the negligence alleged against Horton.

---

The case was tried with a jury, whose verdict consisted of answers to special issues, and upon the verdict, judgment was rendered in favor of Mrs. Roche against the defendant Jones in the sum of $5,000, and against the Interstate Casualty Company in the sum of $2,500, the extent of its liability upon the bond, and in favor of the defendant Horton. From the judgment Jones and the Interstate Casualty Company have appealed, assigning a number of errors, for which they claim this court should reverse the judgment. We shall not mention all of the assignments specifically or numerically, but what we shall say will dispose of them all.

[1] It is contended by appellant Interstate Casualty Company that the judgment against it was erroneous, for the reason that there was no sufficient pleading in the case showing a cause of action against it; it being contended that there was no pleading stating any ground of recovery against such appellant because there were no express allegations in the petition to the effect that the jitney involved in the accident was covered by the bond executed by such appellant. It is true, as claimed by this appellant, that there was no specific or express statement or allegation in the plaintiff's petition that the jitney car in which the plaintiff was a passenger at the time of the accident was covered by the bond executed by appellant as to its engine number, state number of the car, etc., but upon careful reading of the petition, it is quite manifest to this court that from the allegations of the petition as a whole the reasonable intendment to be indulged in favor of the petition is that the jitney car in which the appellee was a passenger at the time of the collision was covered by the bond executed by the Interstate Casualty Company. No special exception was directed against the petition, on the ground that it failed to specifically allege that the car involved in the accident was included in or covered by the bond, but only, as we have stated, a general demurrer was leveled at the petition. This being true, every reasonable intendment was to be indulged in favor of the petition on this point, and the same construed most favorably for the plaintiff, as stating a cause of action against that company. No useful purpose could be served by setting out the allegations of the petition on this point. The contention is overruled.

It is further contended by the Interstate Casualty Company that the evidence adduced upon the trial was insufficient to show that the jitney car in which the appellee was riding at the time of the accident was covered by the bond executed by this appellant. We have gone through the statement of facts in connection with this contention, and have reached the conclusion that the evidence is abundantly sufficient to show that the jitney car in question was covered by appellant's bond. There was no contest on this point before the jury.

[2] It is further contended by the Interstate Casualty Company that the court committed error in admitting certain evidence of Jones, to the effect that the jitney car was covered by the bond, the objection being that such evidence on the part of Jones was but his opinion or conclusion on the point. If this contention be correct, it should not have the effect to reverse this judgment, because there was sufficient evidence before the court and jury, to the admission of which there was no objection, and could not have been, showing that the car involved in the collision was covered by the bond; and since there was really no conflict in the evidence on this point, the admission of the evidence of Jones, even if it was error, was clearly not prejudicial error, and the contention is overruled.

The first seven special issues submitted for the consideration of the jury had reference to the claimed negligence on the part of the driver of Horton's sand wagon, which, as we have stated above, is an issue no longer in the case.

[3] The eighth special issue had reference alone to the claimed negligence on the part of the jitney driver, which issue was as follows:

"Special issue No. 8. Was the driver of the jitney car negligent in attempting to cross said street and to cross in front of the sand wagon, as negligence with respect to him is hereinbefore defined?"

This issue was answered in the affirmative by the jury, and it was the only ground of negligence submitted relative to the jitney driver. The submission of this special issue is assigned as error by appellants; the assignment being as follows:

"The court erred in submitting to the jury special issue No. 8, wherein the jury is asked to find whether or not the driver of the jitney car was negligent in attempting to cross said street, and cross in front of the sand wagon, because the said special issue is too general and indefinite, and is not confined to the ground of negligence relied on, and the jury should have been called upon to find whether or not the driver of the jitney was guilty of negligence in a particular respect; that is, in reference to his failure to stop, or his failure to keep a lookout, and the said question authorized the jury to go outside of the pleadings and the evidence, and find that the jitney driver was negligent in a respect not pleaded or proved."

We cannot sustain this contention. There was no affirmative error in the form of the issue, and if it be true that it was not specific enough, this might have been cured by a request for a more specific submission had appellants desired this to be done. Evident-

ly the court was trying to submit the third ground of negligence claimed against the jitney driver, as above shown, that is to say, the court intended to inquire of the jury whether the jitney driver was guilty of negligence in attempting to continue on the journey and cross Commerce street where the same intersects Main street ahead of Horton's sand wagon, which the evidence was sufficient to show was then about the middle of the intersection of these streets, and it was clearly an issue of fact, under the pleadings and the evidence, for the jury to determine whether the driver of the jitney, under such circumstances, was guilty of negligence in attempting, if he did, to go around the sand wagon and cross in front of it, as claimed by the appellee. We see nothing in the submission of this issue, in the form as given, that could have prejudiced in any way the right of appellants; and, they not having requested the submission of a more specific issue on this point, they cannot reverse the judgment because of the generality of the issue as submitted by the court, if it was too general. Nor do we think that the form of the issue is subject to the further objection, made by appellants, that it was upon the weight of the evidence. Appellants' contentions in both respects are overruled.

[4, 5] There are several assignments of error challenging the action of the court in submitting issue No. 9½, it being contended by these assignments that issue 9½ was the submission of the issue of discovered peril, and that there were no allegations of discovered peril in appellee's petition as against these appellants, nor was there any evidence raising such issue as against these appellants. We are inclined to think that appellants are correct in this contention, for the reason that we have concluded that there was no plea of discovered peril as against the driver of the jitney, and the pleader had no such issue in mind as to the jitney driver. It is true that there was a sufficient plea of discovered peril as against the driver of Horton's sand wagon, but, there being none as against the driver of the jitney, the court was not warranted in submitting that issue as against the driver of the jitney. No harm, however, could have been done by the submission of such issue, at least none is pointed out by able counsel for appellants, and the assignments are therefore overruled.

[6] Appellants also complain of the action of the trial court in refusing to submit for the consideration of the jury a special issue requested by appellants as to whether negligence on the part of the driver of the sand wagon was the sole proximate cause of the injuries to appellee. The trial court, as we have stated, in the first seven special issues required the jury to answer whether the driver of the sand wagon was guilty of any of the acts of negligence charged against him, and the jury, in answer to such special issues, acquitted the driver of the sand wagon of all such claimed acts of negligence. It is therefore clear that the refusal on the part of the trial court to submit the requested special issue as to whether negligence on the part of the driver of the sand wagon was the sole proximate cause of the injury did not prejudice any right of appellants. It would be unreasonable to indulge the supposition or presumption that the jury would acquit the driver of the sand wagon of all negligence charged against him, and then have found, in answer to the requested special issue, that negligence on his part was the sole proximate cause of the injury. The contention is overruled.

It is further contended by appellants that the trial court committed error in permitting the attorney for Horton to argue to the jury what the effect of their answers would be to the special issues submitted to them. We fail to find anywhere in the record that Horton's attorney was permitted to argue to the jury or state to them what the effect of their finding as to any of the special issues would be. There is a long bill of exception found in the transcript in connection with this contention, but after reading the same very carefully, it is manifest that the same fails to show that Horton's attorney stated to the jury what the effect of any answer by them would be. The most that can be said is, as shown by the bill, that Horton's attorney did state to the jury that, before they should answer any of the special issues, they should determine from all the facts in evidence before them whose negligence, that is to say, the negligence of the driver of the sand wagon or that of the jitney driver, caused the accident, and that they would then proceed to make specific answers to the special issues. This is about all the bill shows, and if it were not for the great length of it we would copy it in this opinion.

[7] It is further contended by appellants that the verdict, which, as we have stated, was for $5,000, is excessive. The appellee is a widow, and was making her living as a seamstress or milliner in the city of Houston, and the evidence was sufficient to show that prior to the injury sustained in the accident in question she was in good health and regularly employed. The evidence shows that the tongue of the sand wagon struck her with great force about the face or cheek bone, and made a deep and broad gash in her cheek, so much so as to expose the jawbone. She was also struck on the arm, and there were other bruises about the body. She was rendered unconscious, and for at least 12 or more days was confined to her bed, and for a month or more was confined to her room in consequence of the injury. She suffered, according to the evidence, intense physical pain at the time, and although the trial was had approximately a year and a

half after the injury, the testimony was sufficient to show that she was still suffering from the injury at the time of the trial, and had suffered almost continuously from the date of the injury. Several physicians testified in the case, and their testimony was sufficient to warrant the jury in concluding that the injuries received by the appellee were permanent in nature, and that she would not only probably continue to suffer therefrom in the future, but also that her capacity to do her work and earn her living would be greatly diminished. According to her own testimony, she is practically a nervous wreck, and this resulted from the injuries complained of. She suffers almost constantly with extreme headache, and frequently with pain in her jaw or teeth, and at times this suffering is so extreme that she is unable to sleep. It was further shown that her speech or articulation was greatly impaired by the injuries, and that she has difficulty in masticating her food. There are a number of other effects of the injuries, which might be mentioned, but those already mentioned are sufficient to show that this court would not be warranted in holding the verdict excessive, and the contention is overruled.

There are some few other contentions made by appellants, but the principal ones we have mentioned; and, finding no reversible error, all assignments are overruled, and the judgment is affirmed.