## CONSTITUTION INDEMNITY CO. OF PHILADELPHIA v. ARMBRUST et al.
### No. 8337.

Court of Civil Appeals of Texas. San Antonio.
Feb. 6, 1930.

Rehearing Denied March 5, 1930.

months, being the alleged rental value of the premises for said period, during which the same were uncompleted according to the contract, and appellees were deprived of the use thereof. And appellees Mr. and Mrs. Armbrust claimed that the Karren-Tobias Lumber Company had been damaged in the sum of $3,721.60, being the alleged cost of completing the house and improvements.

Attached to plaintiffs' pleadings were voluminous invoices of items by number and amount, and also a copy of the contract made on September 15, 1927.

The provision in the contract concerning the payment of the contract price, which was typewritten into a printed contract form, was as follows: "Payable in three notes of $2500.00 each as first lien, and one note of $3000.00 as a second lien, evidenced by mechanics lien contract of record dated September 14th, 1927." And the printed provision in the bond stated: "In any event, whether provided in the contract or not, ten percent of the contract price must be retained until after the completion of the contract." The printed contract also has typewritten the word "three" in that portion of the contract wherein it provides that final payment to the contractor shall be made within "three" days after the completion and acceptance of the work included in the contract, except ten per cent. which is to be held for thirty days. These were offered in evidence by appellees to show conflict or ambiguity.

The pleadings allege a contract between Mr. and Mrs. Armbrust and C. E. Freeman for the completion of the improvements abandoned by E. S. Kaler & Co., in accordance with the plans and specifications; the agreed compensation for the undertaking being an amount equivalent to the actual cost of the labor and materials necessary therefor plus ten per cent. of said amount.

And the pleadings set out the contract made by and between C. A. Armbrust and wife and the appellee Karren-Tobias Lumber Company, which contract contains the following: "It is the intention of the parties hereto that the said Karren-Tobias Lumber Company shall advance and pay to the said C. E. Freeman the cost of completing said improvements and that they are to be reimbursed for such cost by the said Jeanette Corrine Armbrust and C. A. Armbrust only in the event of a recovery against the said E. S. Kaler & Company or its surety, and then only to the extent of such recovery, and the said Jeanette Corrine Armbrust and C. A. Armbrust shall in no event be liable for the repayment to the said Karren-Tobias Lumber Company of the money advanced and paid by it to C. E. Freeman in excess of any amount recovered by the said Armbrusts against the E. S. Kaler & Company or the surety on its bond."

Church & Graves, Douglas N. Lawley, and W. S. Gideon, all of San Antonio, for appellant.

Terrell, Davis, McMillan & Hall and Thomson, Dilworth & Marshall, all of San Antonio, for appellees.

COBBS, J.

This suit was instituted by C. A. Armbrust and wife, Jeanette C. Armbrust, two of the appellees, against E. S. Kaler, doing business under the name of E. S. Kaler & Co., and appellant, Constitution Indemnity Company of Philadelphia.

The suit was for damages in the sum of $500, for failure on the part of Kaler to comply with the plans and specifications in the construction of certain improvements, consisting of a house and outhouses for appellees in the city of San Antonio, and for the further sum of $75 per month, for a period of ten

The defendant E. S. Kaler & Co. filed responsive pleadings.

The evidence of L. S. Karren, president of the Karren-Tobias Lumber Company, showed that ten per cent. of the contract price was not retained and that he, for his company, had advanced the sum of $10,329.09 out of the agreed contract price of $10,500 to Kaler before Kaler abandoned the contract. Also, it was shown that the notes set out in the contract were made payable to the Karren-Tobias Lumber Company for security for advances made to Kaler, and that a commitment was obtained before the work was started, for the three notes of $2,500 each, which commitment was procured by appellees Armbrusts, of which fact appellant claims it had no actual notice. It was further shown that the $3,000 note was indorsed by the Karren-Tobias Lumber Company, and they received the sum of $3,000 therefor.

It was shown that all the money provided for in the contract price, except the sum of $500 architects' fee, was paid out without any certificates of any kind from the architect.

■ The court, at the conclusion of the evidence, submitted the two following issues to the jury:

"1. Was it the intention of the parties to the contract and bond, that ten percent of the contract price should be retained, by the owners, until the improvements were completed and accepted in accordance with the plans and specifications?

"Answer 'Yes' or 'No.'

"We the jury, answer No.

"If you answer the foregoing question 'no' then you need not answer the following question, but if you answer the same 'yes' then answer the following question:

"2. Did Jeanette C. and C. A. Armbrust retain ten percent of the contract price until after the completion and acceptance of the improvements?

"Answer 'Yes' or 'No.'

"We the jury, answer ————."

Since issue No. 1 was answered in the negative, issue No. 2 needed no answer by the jury.

Whereupon the court rendered a verdict against appellant in favor of appellees C. A. Armbrust and wife for the sum of $315 and in favor of the appellee Karren-Tobias Lumber Company for the sum of $4,211.85, with interest from February 1, 1927.

We do not think the court erred in submitting the issue to the jury as to what was the intention of the parties in respect to the provision as to retaining ten per cent. of the contract price until the improvements were completed. It will be observed that the contract between the parties was prepared on a printed form, and that in the blank, as to the manner of payment, was typewritten the following provisions: "Payable in three notes of $2500 each, as first lien, and one for $3,000.00, as a second lien, evidenced by mechanic's lien contract of record, dated September 14, 1927." These provisions conflict with those recited in the printed contract, as follows: "The final payment shall be made within three (3) days after the completion and acceptance of the work included in this contract except ten percent which will be held for thirty (30) days unless satisfactory evidence is furnished that all claims of every nature have been paid." And the bond provides: "The obligee shall retain that portion of the contract price which such contract specifies the obligee shall or may retain of the value of all work performed or materials furnished in the prosecution of the contract until the complete performance by the principal of all the terms, covenants and conditions of said contract on the principal's part to be performed."

■ Really it was not necessary for the court to submit the issue, because under the well-known established principles of law the typewritten provisions of the contract superseded the inconsistent printed provisions, and the intention of the parties was established by such typewritten provisions; however, there was no injury to appellant in the submission of the issue. And there is no injury shown. Jones v. Roche (Tex. Civ. App.) 244 S. W. 227; Magnolia Petroleum Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158.

■ The failure to retain ten per cent. of the contract price is defensive, and it was not necessary for appellees to allege an affirmative compliance with each and every provision of the contract. St. Paul Fire & Marine Insurance Co. v. Laster (Tex. Civ. App.) 187 S. W. 969; East Texas Fire Insurance Co. v. Dyches, 56 Tex. 566.

The pleadings, however, showed that the ten per cent. was in fact retained, and that payment was made through notes as provided by the contract.

In regard to appellant's second proposition, we do not think the court erred in overruling special exceptions to appellees' first amended original petition and in not rendering verdict for appellant. The issue attempted to be set up was purely defensive matter.

The Karren-Tobias Lumber Company advanced $10,329.09 of its own money upon credit to the contractor, and the owners advanced nothing to the contractor. After the repudiation of the contract by appellant, and after its refusal to take any action whatsoever on behalf of the owners, and after the improvements had been completed by the owners through the aid of the Karren-Tobias Lumber Company, and before acceptance of the improvements, certificates of the architect were made and for the first time the validity of the notes and the liens was recognized and

admitted by the owners. Prior to that time nothing had been paid by the owners, and the improvements were not accepted by the owners until a proper certificate by the architect was issued. This is ascertained from the testimony of Armbrust and Harrington, the architect. There is no merit in appellant's third proposition.

■ The intention of the parties with regard to the manner of payment was clearly shown, and that in fact no payment whatsoever was made by the owners until the final certificate of the architects, that the improvements had been completed, in accordance with the plans and specifications, had been obtained. It is universally recognized that no issue should be submitted unless the evidence raises the same, even though such issue be pleaded, and appellant's fourth proposition is overruled.

The provision of the contract is solely evidentiary in its nature, and as such does not furnish an exclusive method of proving such expense and damage. The purpose of this provision is to furnish a method of establishing on behalf of the owners the damage sustained by them and making it conclusive upon the parties when so established. This provision of the contract is for the benefit of the owner and as such may be waived by him. The issue presented by this exception is solely defensive and was in fact pleaded as such by the appellant. Allegation is made in the fifteenth paragraph of appellees' trial petition that all the terms and provisions of the bond have been complied with, and the expense and damage was in fact certified by the architects prior to the acceptance of the improvements. Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 191. The fifth proposition is overruled.

■ There is no provision in the contract requiring that the actual certificate be made prior to the institution of the suit. The architect in fact examined all the invoices and items of expense declared upon by the appellees and certified the same to be correct; and he testified that the amount expended in the completion of the improvements was the reasonable cost of such completion. This method and quantum of proof is entirely sufficient. Appellant's sixth proposition is overruled.

■ In completing the improvements the owners undertook certain obligations, one of which was that they would bring this suit. The Karren-Tobias Lumber Company, by causing the improvements to be completed, discharged an obligation which the owners could have compelled the appellant to discharge, and was subrogated to the rights of the owners against the appellant. This is not a proper case for the application of the doctrine of election of remedies. The more accurate statement is that it had the right to pursue either of two courses of action; one against one party and one against the other.

The legal doctrine of election of remedies cannot be applied between one of the parties to a contract and a third person, a stranger thereto, since it is applicable only to the parties to the contract. 20 Corpus Juris, p. 18; Columbia Trust Co. v. Norske Lloyd Insurance Co., 100 Misc. Rep. 550, 166 N. Y. S. 915. Here there is no privity of contract between the appellant and the appellee Karren-Tobias Lumber Company. It cannot be contended or established that the appellee Karren-Tobias Lumber Company was under a contract obligation to complete the improvements, its only interest to be protected being that of seeing that the improvements were completed in order that its lien might be enforced. The seventh proposition is overruled.

■ We cannot agree with the proposition that, if the completion of a home is delayed a period of several months, the owner is not entitled to recover the value of the use of the property during that time. The courts do not look with favor on such a contention. The owners assert that, by reason of the delay they are entitled to recover the value of the use of the property during such period of delay. This has long been the law. Walsh v. M. E. Church, South (Tex. Com. App.) 212 S. W. 950. The eighth proposition is overruled.

■ It was not error to charge the jury as to the burden of proof, and the ninth proposition is overruled. Smith v. Dallas Railway Co. (Tex. Civ. App.) 8 S.W.(2d) 548; Hamilton-Turner Grocery Co. v. Hander (Tex. Com. App.) 299 S. W. 848; Sanger v. First Nat. Bank of Amarillo (Tex. Civ. App.) 170 S. W. 1087; Cole v. Crawford, 69 Tex. 124, 5 S. W. 646; Wichita Falls, etc., Railway Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 573.

The tenth proposition is covered by the foregoing. The burden was not upon appellees to establish the affirmative of the issue as submitted; but to establish the negative of that issue, just as was the burden of proof upon the appellees to establish the affirmative of special issue No. 2. And appellant has not shown that it has been injured by the submission of this issue, or by the court's instruction upon the burden of proof. Many cases hold the burden is upon the appellant to show injury. Galveston, H. & S. A. Ry. Co. v. Cook (Tex. Civ. App.) 214 S. W. 539; Jones v. Roche (Tex. Civ. App.) 244 S. W. 227; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496. The proposition is overruled.

The eleventh proposition is overruled. Whatever delay occurred in the owners taking over the property and completing the contract was caused by the failure of the appellant to state what course of action it expected to pursue, until its final repudiation of the contract, during the middle of August, 1928, and the court was justified in refusing to submit the issue as requested.

180

The twelfth, thirteenth, and fourteenth propositions are overruled. The pleadings were sufficient to apprise the appellant of the plaintiffs' cause of action in the particulars set forth in the respective allegations. A large measure of discretion is lodged with the trial court in passing upon exceptions to the insufficiency of pleadings. The sole purpose of pleadings of this character is to apprise the opposite party of the cause of action and of the evidence which he will be required to meet. The trial court held that the pleadings were sufficient in these particulars, and, in the absence of a showing of an abuse of discretion in this particular, the appellant is in no position to complain. And the appellant has shown no injury to have resulted from the ruling. Schaff v. Sanders (Tex. Civ. App.) 257 S. W. 670; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904.

Appellant's fifteenth proposition is overruled. It is plain that the court should have decreed that the ultimate payment of the excess cost of construction, under the equitable doctrine of subrogation, should ultimately fall upon the bonding company. The appellant was under a legal and binding obligation to the owners to complete the improvements, or to pay damages for failure to do so. Appellee Karren-Tobias Lumber Company was under no obligation to complete the improvements. Appellee Karren-Tobias Lumber Company, having advanced material and labor in the aggregate of $10,329.09, had an interest to protect. Appellant refused to recognize its legal obligation and repudiated it, and the owners were unable to raise funds with which to complete the improvements. Not being able to permit the improvements to remain uncompleted until the liability of the appellant was fixed by prolonged litigation the owners entered into a contract with D. E. Freeman to complete the improvements. Karren-Tobias Lumber Company furnished the labor and material necessary to the carrying out of the contract by Freeman, and in so doing they discharged the legal obligation of appellant and were expressly subrogated to the rights of the owners against appellant. Having thus performed the duty primarily resting solely upon appellant, appellee Karren-Tobias Lumber Company is in a position to recover the amount which in justice, equity, and good conscience should have been paid by appellant. Murphy v. Smith (Tex. Civ. App.) 50 S. W. 1040; Galbraith-Foxworth Lumber Co. v. Long (Tex. Civ. App.) 5 S.W.(2d) 162; First National Bank v. Ackerman, 70 Tex. 315, 8 S. W. 45; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528. Williston on Contracts, § 1265; Ruling Case Law 25, p. 1322, § 10.

We have very carefully examined appellant's brief and all the assignments and propositions, and the same are overruled.

The judgment is affirmed.