**PAGE et al. v. HANCOCK.**

**No. 9577.**

Court of Civil Appeals of Texas. Austin.

Jan. 22, 1947.

Rehearing Denied Feb. 12, 1947.

Rehearing Denied March 5, 1947.

David L. Tisinger, of Austin (Hollers and Tisinger and White, Taylor & Chandler, all of Austin, of counsel), for appellants.

Henry H. Brooks, of Austin, for appellee.

HUGHES, Justice.

Appellee, J. B. Hancock, sued appellants, Holland Page and W. L. Googins, for the

recovery of $3,887.50, paid as part of the purchase price for a tractor and equipment, and for damages for breach of appellants' oral contract to deliver such tractor and equipment.

Trial was to a jury and upon its verdict judgment was rendered for appellee for the recovery of said sum and for $5,000 for loss of profits, as damages.

Separate briefs have been filed by appellants. Neither appellant questions the judgment in so far as recovery of the $3,887.50, down payment, is concerned, and as to this the judgment is affirmed.

Both appellants complain of the $5,000 judgment for lost profits. These contentions must be sustained.

Appellee testified that he was not presently engaged in any kind of business; that he had never owned a tractor, never operated one, and had never seen one operated. That he had never figured the cost of operating a tractor, nor what the gross revenue from such operation would be, except as to what other persons had told him. That he would not be able to operate the tractor himself, but would have to employ someone to run it for him. That he had in mind a man who would run the tractor, but that since this person had never operated a tractor he would have to employ someone to teach him.

Loss of anticipated profits from a new and unestablished business is not recoverable. The rule is stated in Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W.2d 1097, 1099, as follows: "The rule denying a recovery where the facts show that such profits claimed are too uncertain or speculative, or where the enterprise is new or unestablished, is still enforced, on the ground that the profits which might have been made from such business are not susceptible of being established by proof to that degree of certainty which the law demands."

The above rule is not inconsistent with the general measure of damages for breach of contract relied upon by appellee, but is merely an application of such rule in specific cases.

In support of the judgment for lost profits appellee cites the following cases:

Watkins v. Junker, 90 Tex. 584, 38 S.W. 1129. The recovery in this case was not for lost profits, but for expenses which the plaintiff had incurred in reliance upon the contract.

Sun Manufacturing Co. v. Egbert & Guthrie, 37 Tex.Civ.App. 297, 84 S.W. 667 (error refused). In this case defendant was sued for breach of a contract to build and deliver a number of new type machines which plaintiff intended to re-sell. Damages were allowed for loss of profits on sales which plaintiff would have made if the motors had been delivered; he having received from various persons orders and offers for such motors, which had to be rejected because of defendant's default.

Mudge & McLean v. Adams, 37 Tex.Civ. App. 186, 83 S.W. 722. Defendant in this case agreed to display plaintiff's counter cabinet and register in his hotel, knowing that plaintiff intended to profit by selling advertising space therein. Recovery of lost profits was allowed; the court holding they were capable of certain ascertainment. That the business was new and unestablished was not discussed.

National Bank v. M. M. Pittman, Tex. Com.App., 265 S.W. 1024, 36 A.L.R. 1405. In this case the bank was sued for breach of its contract to lend plaintiff $14,000. The lower court awarded as damages the profits that would have been made with this money in buying and selling wheat. This judgment was reversed because the evidence showed that the wheat was to be purchased for manufacturing purposes and not for the purpose of re-sale.

Grand Prairie Gravel Co. v. Joe B. Wills Co., Tex.Civ.App., 188 S.W. 680 (error refused). This suit was for breach of contract to furnish plaintiff gravel, plaintiff being in the business of re-selling gravel. Loss of profits was allowed, the record showing that plaintiff had been in such business for more than a year; that it was well established and making a profit.

Where property is purchased for re-sale and the seller is aware of such fact, the rule seems to be the profits which would

424

have been made from such re-sale are recoverable where they can be proved with reasonable certainty.

Appellee in this case did not intend to re-sell the tractor.

The above authorities, for the reasons stated, are not considered applicable to the facts of this case.

Our holding that lost profits are not recoverable does not mean that substantial damages may not be recovered. Texas Power & Light Co. v. Roberts, Tex.Civ. App., 187 S.W. 225.

■ The correct measure of damages, applicable to the facts of this case, is stated in Restatement of the Law of Contracts, page 515, as follows: "Where the evidence does not afford a sufficient basis for a direct estimation of profits, but the breach is one that prevents the use and operation of property from which profits would have been made, damages may be measured by the rental value of the property or by interest on the value of the property." See also the following Texas cases: Gulf C. & S. F. R. Co. v. Compton, Tex.Civ.App., 38 S.W. 220; Texas & P. R. Co. v. Hassell, 23 Tex.Civ.App. 681, 58 S.W. 54; Constitution Indemnity Co. of Philadelphia v. Armbrust, Tex.Civ.App., 25 S.W.2d 176 (error refused); and Davis v. Mrs. Baird's Bakery, Tex.Civ.App., 30 S.W.2d 809.

While appellee sued for rental value this issue was not submitted to the jury.

■ In view of another trial we call attention to the case of Brown v. Spector, Tex.Civ.App., 70 S.W.2d 478, and authorities there stated, to the effect that the proper method of proving rental value of property detained for a long period of time is not by the day, week or month, but for the entire period of time during which use of the property has been withheld.

■ We will also consider assignments of appellants pertaining to the introduction in evidence of pleadings in other law suits involving transactions between one or both appellants and third parties.

Appellants filed sworn pleadings denying the existence of a partnership between them and denying that appellant Googins was the agent of appellant Page. In view of these pleadings, appellee was entitled to offer in evidence transactions similar to the one involved in this case, if not too remote, participated in by appellants and third parties, and bearing on the issues thus raised. 2 Tex.Jur., page 512. However, we suggest that if these transactions can be proved without the introduction of the · pleadings in those cases, that this should be done. Appellee would then have the benefit of the evidence, and appellants would not be prejudiced by the fact that they are shown to be involved in numerous other law suits.

We are unable to agree with appellee's contention that these pleadings were admissible under the theory that they show inconsistent positions taken by appellants in those cases with the positions taken by them here. In none of those cases did appellants allege or admit a partnership or the relationship of principal and agent.

The trial court admitted these pleadings on the issues of partnership and agency. If these issues are not made upon another trial, then they will not be admissible for any purpose.

■ Appellant Googins makes separate assignment to the effect that no valid contract was shown between appellants and appellee for the reason that appellee had the right to the return of his money upon request.

Upon conflicting evidence this issue was submitted to the jury and it found that no such right existed. Even so, this agreement, if made, does not destroy the mutuality of the contract, but is simply an option contracted for, which may or may not be exercised. Thomas v. Western Indemnity Co., 112 Tex. 132, 246 S.W. 345.

The above conclusions make unnecessary the consideration of appellants' other assignments which pertain to matters which will not likely arise upon another trial.

That portion of the judgment awarding appellee the sum of $3,887.50, with 6% interest from December 4, 1944, against appellants, jointly and severally, is affirmed; the remainder is reversed and remanded.

Affirmed in part; reversed and remanded in part.

## On Motions for Rehearing

Appellee and both appellants have filed motions for rehearing.

Appellee asks that judgment be rendered in his behalf, based on the rental value of the tractor, or upon interest on the price of the tractor.

Interest as damages was not sued for by appellee; and the evidence was insufficient, under the rules stated in our original opinion, to authorize the submission of an issue as to rental value. For these reasons appellee's motion for rehearing is overruled.

Appellant Page takes exception to the statement in our original opinion that "neither appellant questions the judgment in so far as recovery of the $3,887.50, down payment, is concerned," reciting that appellants excepted to the entire judgment, gave notice of appeal, filed a bond superseding the entire judgment, and in their briefs requested that the cause be reversed and remanded.

These statements are correct. What was intended by the statement used was that no specific assignment or point in either appellants' brief attacked this portion of the judgment.

Appellant Page, in view of the affirmance of the judgment as to the down payment, in his motion, insists that we consider additional points raised in his brief which were not specifically passed upon in the original opinion. We will now do so.

■ Bill of exception was reserved to the argument of appellee's counsel, which was: "Now what is the first thing that happened? They have something that is known as Intermountain Machinery Sales Company. I say it is a complete subterfuge on Holland Page's part to set out and rob the public, because he is solvent and when a client shows up for somebody to take a loss, it is Intermountain Machinery Sales Company."

Immediately upon objection being made to such argument, the trial court instructed the jury not to consider the language of counsel as to robbery of the public on the part of anyone. The evidence showed that appellants were doing business under the name of Intermountain Machinery Sales Company, and that moneys due this concern went to Page, that he had even sued for such moneys in his own name; that he had received appellee's down payment. Yet, when claims were made against this company for moneys due, Page consistently denied that Googins was his partner or agent, and contended that all such transactions were those of Googins alone. Googins was not shown to be financially sound. In other words, the evidence tended to show that Page received the benefit of all profitable transactions made by Googins, but denied liability in every case where losses were concerned. In view of this evidence and the trial court's instruction to the jury not to consider the argument of appellee's counsel, we are of the opinion that the argument complained of was not so inflammatory as to prejudice appellants' rights, and that the discretion of the trial judge in this matter was not abused.

■ Appellant Page also assigns error as the refusal of the trial court to call the jurors and to permit them to be questioned in support of the following allegation made in his motion for new trial: "Before any special issue had been answered, it was stated in the presence of the jury by A. C. Wright, one of such jurors, that special issue No. 1 was the controlling issue and the answer to special issue No. 1 would, and should, determine the answers of the jury to the remaining special issues."

The motion was not supported by affidavit of any juror, nor was any reasonable excuse offered for not exhibiting such affidavit, and was hence insufficient. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644.

Special issue No. 1 inquired as to whether a contract had been made. Any intelligent juror would know that in a suit for breach of contract the existence of the contract was of controlling importance. No error is shown.

■ The trial of this case commenced on January 22, 1946. On January 26, 1946, appellants filed a motion to suppress the depositions of appellee's witness Seldon McKay, which had been on file since August 2, 1945, the principal ground being that the notary, Oscar Calloway, who took

such depositions, was an attorney for appellee. The trial court found that it did not affirmatively appear from the evidence that notary Calloway was at the time of the taking of the depositions interested from a financial standpoint in the matter. It only appeared that he had written two letters to Googins and had given the replies to appellee and suggested that he employ an Austin lawyer. In view of this and of the further fact that the motion to suppress was not timely filed under Rule 212 of the Texas Rules of Civil Procedure, it was not error to overrule this motion.

The following special issue was objected to on the ground that it was duplicitous: "Special Issue No. 4: Do you find from a preponderance of the evidence that, on or about December 4, 1944, the plaintiff Hancock was ready, able, and willing to accept delivery of, and to pay for, the particular tractor and equipment which he bought, if any?"

It has been held that such an issue is duplicitous. Bradley v. Howell, Tex.Civ. App., 126 S.W.2d 547 (writ dismissed).

It is also the law, however, that even though an issue involves more than one question, yet, if the evidence is undisputed except as to one issue, it is not multifarious. Austin v. De George, Tex.Civ.App., 55 S.W.2d 585 (writ dismissed).

There is no evidence here that appellee was not able to pay the balance of the purchase price of the tractor. He testified that he would pay the same upon delivery. Appellant Page testified that he would be willing to carry appellee's notes for the balance. It is, therefore, undisputed that appellee was able to pay for the tractor, and the only issuable matter was as to whether he was ready and willing to complete the purchase. The jury answered this in the affirmative.

This assignment is, therefore, overruled.

Appellant Page assigns as error in his motion for rehearing, without argument, our action in affirming the judgment as to that part of the purchase price paid in cash. We recognize the Supreme Court's construction of Rule 434 of the Rules of Civil Procedure that an indivisible cause of action or judgment cannot be affirmed in part and reversed in part. Rule 434 is to be given the same construction as former Rule 62a for the Courts of Civil Appeals. Texas Employers Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929.

In Durham v. Scrivener, Tex.Com.App., 270 S.W. 161, 163, Rule 62a was construed and the court there held:

"The issue as to whether these deeds should be canceled by reason of fraud practiced in securing their execution is clearly severable from the issue as to what relief should be awarded the defrauded parties for parts of the lands described in these deeds which have been wrongfully conveyed to innocent purchasers.

"We also think the issue as to what damages or recovery should be awarded for the wrongful conveyance of a portion of such land is severable from the issue as to what the recovery should be as to wrongful conveyance as to other portions to different parties.

"After a fair and impartial trial has been had in the trial court on the issue involving the cancellation of the deeds, it would indeed be unfortunate if the rules of procedure governing appellate courts were such that, without any apparent reason therefor, the trial court should again be required to determine this issue. We think the Court of Civil Appeals has correctly decided that the issues in this case are severable, and that its holding is sustained by the authorities by it cited."

In Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 398, the following holding was made: "Since the errors in the trial court's judgment, as pointed out herein and in those parts of the opinion of the Court of Civil Appeals which we have approved, affect parts only of the matter in controversy and the issues are severable, the cause is remanded only for new trial of the parts of the suit affected by those errors."

We have found no error pertaining to that portion of the judgment awarding appellee the recovery of the down payment made on the tractor, and, in our opinion, the judgment appealed from is divisible and that portion of the judgment is severable.

We also hold that since appellants made no attack upon this portion of the judgment it should stand. J. B. Colt Co. v. Head, Tex.Com.App., 292 S.W. 198.

Appellants' motions for rehearing are overruled.

All motions for rehearing are overruled.